UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JOHNISHA CLINKSCALE | CIVIL ACTION NO. 15-cv-0110 |
| VERSUS | JUDGE HICKS |
| NATIONAL FACILITY SERVICES, LLC | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

Johnisha Clinkscale ("Plaintiff"), represented by attorney Robert B. Dunlap, II, filed this employment discrimination action. The case progressed to the pretrial conference, at which time the attorneys reported that a trial was not necessary because a settlement was pending. The court entered a 90-day order of dismissal (Doc. 33).

Plaintiff's counsel later filed a Motion to Withdraw (Doc. 34) in which he reported that there had been a breakdown in communication and understanding between Plaintiff and counsel that made it impossible for him to effectively represent Plaintiff in this matter. The court granted counsel's motion to withdraw and vacated the order of dismissal.

The court's order on those issues (Doc. 35) stated that Plaintiff was "strongly encouraged to retain new counsel" and granted Plaintiff until November 7, 2016 to either (1) enroll new counsel to represent her or (2) file with the court a written statement that she intends to be self-represented. The order warned: "Failure to take one of those steps by the November 7, 2016 deadline may result in Plaintiff's case being dismissed, without further

notice, for failure to prosecute." The docket sheet indicates that a copy of the order was emailed to Plaintiff at an email address provided by her former counsel.

The November 7, 2016 deadline has passed, but there has been no action of record by Plaintiff or an attorney acting on her behalf. The court provided ample time for Plaintiff to secure new counsel or indicate her desire to proceed without counsel. Plaintiff has not taken even the simple step of alerting the court that she desires to proceed on her own. It is highly unlikely that a plaintiff who is unwilling to take such a simple step is interested enough in her case to comply with the other more serious requirements of litigation. Attempting to proceed further with this action would be a waste of time and resources for the court and other parties. Dismissal without prejudice for failure to prosecute is the best exercise of the court's discretion in these circumstances.

Accordingly;

**IT IS RECOMMENDED** that this civil action be dismissed without prejudice for failure to prosecute.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel

are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 6th day of December, 2016.

Mark L. Hornsby
U.S. Magistrate Judge